**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-63020-CIV-JTK**

**ROLPHKENS ANDERSON PIERRE**,

Petitioner,

v.

**MULLIN**, *et al*,

Defendants.

_______________________________________/

**ORDER DENYING PETITION**

**THIS CAUSE** comes before the court *sua sponte* on Rolphkens Anderson Pierre's Petition for Writ of Habeas Corpus [ECF 1]. Petitioner is an alien from Haiti who entered the United States on March 5, 2023. *Id.* at 2. He paroled into the country shortly thereafter. *Id.* On August 25, 2026, Immigrations and Custom Enforcement ("ICE") detained Petitioner. *Id.* at 6. ICE issued a custody determination that did not permit Petitioner an opportunity to post bond. *Id.* at 7. Petitioner filed this petition on October 26, 2026. *See* ECF 1. Petitioner challenges his detention under § 1225(a) under *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026).[1] *Id.* at 7. However, because *Hernandez Alvarez* did not address the situation of an alien inspected and paroled into the country, the Petition is **DENIED**.

Section 2243 authorizes courts to deny legally insufficient petitions for habeas corpus without ordering responsive briefing. *See* 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or . . . direct[] the respondent

---

[1] Petitioner also challenges the constitutionality of 8 C.F.R. § 1003.19(h)(2)(i)(B) as applied to him. ECF 1 at 4. However, since 8 U.S.C. § 1225(b) does apply to Petitioner, this question is moot.

to show cause why the writ should not be granted, ***unless*** it appears from the application that the applicant . . . is not entitled thereto."); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . .") (quoting *McFarland v. Scott*, 512 U.S. 849, 856 (1994))).

**Detention under 8 U.S.C. § 1225(a) is proper**

Petitioner argues that his detention cannot be under 8 U.S.C. § 1225(a) pursuant to *Hernandez Alvarez* and his physical presence in the country. *See* ECF 1 at 7. In *Hernandez Alvarez*, the Eleventh Circuit said that immigration detainees who had entered the country without inspection and were detained within the country cannot be said to be "seeking admission," and as such could not be detained pursuant to § 1225. *See* 175 F.4th 1258. This Court has addressed the interaction of aliens inspected and paroled into the United States and the proper statutory basis for detention before. *See Mesadieu v. U.S. Immigration and Customs Enforcement*, No. 0:26-cv-62384-KUNTZ (S.D. Fla. Sept. 10, 2026); *Consuegra Perez v. Gonzalez*, No. 0:26-cv-62467-KUNTZ (S.D. Fla. Sept. 10, 2026); *Monagas Cabrera v. Warden, Broward Transitional Center*, No. 0:26-cv-62313-KUNTZ (S.D. Fla. Oct. 1, 2026).

Merely overstaying a parole period – even for a period exceeding three years, as in Petitioner's case, *see* ECF 1-5 – cannot remove an alien from the reach of § 1225. Instead, when an alien's parole expires, he "return[s] . . . to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A); *see also* 8 C.F.R. §§1.2, 1001.1(q) ("[a]n arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the Act, and even after any such parole is terminated or revoked."). Because Petitioner was an arriving alien seeking admission in March of 2023 when paroled, he returns to such status now and is

properly detained under § 1225.

**ORDERED AND ADJUDGED** that the Petition [ECF 1] is **DENIED WITHOUT PREJUDICE**. The Clerk is directed to close this case.

DONE in Chambers in Fort Lauderdale, Florida, on Thursday, October 29, 2026.

**JEFFREY T. KUNTZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record